IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JONATHAN M. CLARK                     )
                                      )
        v.                            )        NO. 3:05-0364
                                      )
BURLINGTON COAT FACTORY               )


TO:    Honorable Alata A. Trauger, District Judge


# R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered May 31, 2005 (Docket Entry No. 5), the Court referred this action to the

Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 1915(e)(2)(B) and 636(b)(1)(A) & (B),

Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the defendant's second renewed motion (filed

February 9, 2006; Docket Entry No. 24) to compel and to dismiss.  The plaintiff has not filed a

response to the motion.  For the reasons set out below, the Court recommends that the motion be

granted and this action be dismissed.


## I. BACKGROUND

The plaintiff filed this action pro se and in forma pauperis asserting a claim of workplace

discrimination.  The defendant answered the complaint, and the Court entered a scheduling order

(Docket Entry No. 11) for the progression of pretrial activity in the action.

On November 17, 2005, the defendant filed a motion to compel discovery or, in the

alternative, to dismiss (Docket Entry No. 18), asserting that the plaintiff has not responded to written

discovery requests or to subsequent letters about the need to respond. By order entered December 8, 2005 (Docket Entry No. 19), the Court granted the motion to compel, ordered the plaintiff to serve written responses to the discovery requests, took that part of the defendant's motion seeking dismissal under advisement, and warned the plaintiff that his failure to comply with the Court's order might result in a recommendation that the action be dismissed.

On December 29, 2005, the defendant filed a renewed motion to compel and, in the alternative, to dismiss (Docket Entry No. 20). The defendant asserted that the plaintiff failed to respond to the discovery requests in an adequate manner and that he refused to proceed with his scheduled deposition because he was not represented by counsel. In his response (Docket Entry No. 22), the plaintiff offered excuses for his actions. By order entered January 26, 2006 (Docket Entry No. 23), the Court granted the motion to compel, ordered the plaintiff to further respond to the written discovery requests, ordered the plaintiff to appear for his deposition, and clearly advised the plaintiff of his responsibilities as a litigant. The Court denied as moot that part of the defendant's motion seeking dismissal and that part of the first motion (Docket Entry No. 18) which was previously taken under advisement.

By its pending motion, the defendant asserts that the plaintiff still has not responded to the written discovery requests. The defendant seeks dismissal of the action because of the plaintiff's repeated failure to engage in discovery and failure to comply with the orders of the Court. The plaintiff has not responded to the defendant's motion.

2

## II. CONCLUSIONS

Federal Rule of Civil Procedure 37(b) provides that a court may make such orders "as are just" when a party fails to obey an order to provide discovery. The Court is given the discretion to impose any sanction authorized under Rule 37(b)(2), which includes but are not limited to:

. . .

> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;

Rule 37(b)(2)(C). The imposition of sanctions, or the type of sanctions imposed, is within the sound discretion of the court based on the facts of each particular case. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976); Regional Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988). Further, it is well settled that federal trial courts have the inherent power to manage their own dockets, Link v. Wabash Railroad Co., 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action upon a showing of a clear record of delay, contemptuous conduct, or failure to prosecute by the plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

The plaintiff's failure to respond to written discovery requests, failure to proceed with his deposition, failure to comply with the Court's orders, and failure to respond to the defendant's pending motion all indicate that he has lost interest in prosecuting this action. The action should be dismissed with prejudice due to the plaintiff's willfulness and fault in failing to engage in discovery and in disregarding the Court's orders entered December 18, 2005 (Docket Entry No. 19), and January 26, 2006 (Docket Entry No. 23). In both orders, the plaintiff was warned of the consequences of his failure to comply with the directives of the Court. Dismissal of the action with

Case 3:05-cv-00364   Document 25   Filed 03/02/06   Page 3 of 4 PageID #: 105

prejudice is appropriate in light of the plaintiff's lack of interest in the action, the hardship it would cause the defendant to face the prospect of defending a future action based on allegations which it has attempted to defend against in this action, the impasse in discovery caused by the plaintiff's refusal to participate in discovery, and the needless expenditure of resources by both the Court and the defendant caused by the plaintiff's conduct.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the defendant's motion to dismiss (Docket Entry No. 24) be GRANTED and this action be DISMISSED with prejudice.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


JULIET GRIFFIN
United States Magistrate Judge

4