IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JONATHAN M. CLARK )
)
v. ) NO. 3:05-0364
)
BURLINGTON COAT FACTORY )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By order entered May 26, 2006 (Docket Entry No. 32), the Court referred the plaintiff's motion to reopen his case (Docket Entry No. 31) to the Magistrate Judge under 28 U.S.C. §§ 636(b)(1)(A) & (B) and Rule 72(b) of the Federal Rules of Civil Procedure. The defendant has filed a response in opposition to the motion (Docket Entry No. 33).

For the reasons set out below, the Court recommends that the motion to reopen be denied.

## ANALYSIS

A final judgment dismissing this action with prejudice was entered on March 30, 2006 (Docket Entry No. 26). The basis for dismissal of the action was that the pro se plaintiff had repeatedly failed to participate in discovery and had ignored orders of the Court. As a result, the action was dismissed under Rules 37 and 41(b) of the Federal Rules of Civil Procedure. The plaintiff failed to either object to the Report and Recommendation (Docket Entry No. 25) which recommended dismissal of the action or file a notice of appeal of the final judgment.

Nearly two months later, on May 22, 2006, the plaintiff filed a motion to reopen his case. The plaintiff explains that his inability to prosecute his lawsuit was the result of stress factors, including deaths in his family and his inability to find legal counsel. The plaintiff again requests the appointment of counsel[1] and asserts that he needs at least three to five weeks to respond to the discovery served by the defendant on August 11, 2005.

The plaintiff's motion to reopen his case is reviewed as a request for relief from a final judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The burden is on the moving party to demonstrate that exceptional circumstances exist which warrant the relief allowed by Rule 60(b). Salter v. Hooker Chemical, Co., 119 F.R.D. 7, 8 (W.D. N.Y. 1988). Rule 60(b) sets out six circumstances which permit a Court to relieve a party from a final judgment. Of these six circumstances, only sections (b)(1) and (b)(6) of Rule 60 are implicated by the plaintiff's motion.

Rule 60(b)(1) provides that "mistake, inadvertence, surprise, or excusable neglect" may justify relieving a party from a final judgment. Factors to be considered in determining whether a party's neglect is excusable include the potential prejudice to the movant, the length of the neglect, the reason for the neglect, including whether it was within the movant's control, and whether the movant acted in good faith. See Pioneer Inv. Servs. v. Brunswick Assoc., 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

None of these factors weigh in favor of granting relief under Rule 60(b)(1). The plaintiff's total abandonment of his case as outlined in the Report and Recommendation entered March 2, 2006 (Docket Entry No. 25) shows a clear pattern of dilatory and careless conduct on his part. Plaintiff's

---

[1] By order entered October 21, 2005 (Docket Entry No. 17), the plaintiff's motion for the appointment of counsel was denied.

explanation for his conduct fails to rise to the level of excusable neglect which warrants Rule 60(b)(1) relief. As one court has noted, "where a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities, relief from judgment under Rule 60(b) is not warranted." Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc., 925 F.2d 226, 229 (7th Cir. 1991). See also Hunt v. City of Minneapolis, 203 F.3d 524, 528 (11th Cir. 2000); Kendall v. Hoover Co., 751 F.2d 171, 175 (6th Cir. 1984).

Rule 60(b)(6) provides that a party may be relieved from a final judgment for "any other reason justifying relief from the operation of the judgment." This provision may afford relief only in exceptional circumstances. Blue Diamond Coal Co. V. Trustees Of UMWA Combined Ben. Fund, 249 F.3d 519, 524 (6th Cir. 2001). As the Sixth Circuit has noted, this subsection is properly invoked in "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990). The plaintiff has not shown any basis for concluding that any exceptional or unique and extreme circumstances exist which warrant relieving him from the effect of the final judgment rendered in this action.

The Court has not been unsympathetic to the plaintiff's circumstances. The defendant filed a motion on November 17, 2005 (Docket Entry No. 18), to compel the plaintiff to respond to written discovery served on August 11, 2005, or, in the alternative to dismiss.[2] Although the plaintiff did not even respond to that motion, by order entered December 8, 2005 (Docket Entry No. 19), the Court took the portion of the motion to dismiss under advisement and granted the motion to compel,

---

[2] The Court notes that the defendant did not rush to file a motion to compel or dismiss, and wrote to the plaintiff by letters dated September 20, 2005, September 30, 2005, and October 13, 2005, see Exhibits C, D, and E to Docket Entry No. 18, before filing the motion on November 17, 2005.

3

but gave the plaintiff an additional 20 days to serve responses to the written discovery, effectively allowing the plaintiff 4-1/2 months to respond to the written discovery. The plaintiff was warned in that order that his failure to provide discovery responses could result in a recommendation that his case be dismissed.

Although the plaintiff subsequently served the defendant with copies of documents, he did not respond to the interrogatories or specify what documents were responsive to which requests for production. Therefore, the defendant filed a renewed motion to compel or, in the alterative, to dismiss (Docket Entry No. 20), on December 29, 2005, in which the defendant also asserted that, after making arrangements with the plaintiff to take his deposition on December 22, 2005, the plaintiff refused to proceed with the deposition until he had obtained counsel. At the time of his deposition, defendant's counsel advised the plaintiff that his refusal to submit to the deposition could result in the imposition of sanctions.

After considering the plaintiff's response (Docket Entry No. 22), the Court again declined to recommend that the case be dismissed and, by order entered January 26, 2006 (Docket Entry No. 23), provided the plaintiff one more opportunity to comply with his discovery obligations by giving him until February 6, 2006, to respond to the defendant's written discovery (almost six months after service) and to appear for his deposition within 15 days thereafter.

However, on February 9, 2006, the defendant filed its third motion to compel and to dismiss (Docket Entry No. 24), asserting that the plaintiff failed to comply with the January 26, 2006, order. The plaintiff did not respond to the motion[3] and, by Report and Recommendation entered March 3, 2006 (Docket Entry No. 25), the Court recommended that the case be dismissed.

---

[3] The only motion to which the plaintiff actually responded was the defendant's second motion to compel or dismiss.

Thus, not only are there no exceptional circumstances to support a Rule 60 motion but the Court also extended deadlines for the plaintiff and provided him ample opportunity to comply with his obligations.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the plaintiff's motion to reopen (Docket Entry No. 31) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge